DANIEL M. PETROCELLI (Bar No. 97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

RICHARD B. GOETZ (Bar No. 115666)
rgoetz@omm.com
ZOHEB P. NOORANI (Bar No. 253871)
znoorani@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff FEDERAL
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIMON WIESENTHAL CENTER, INC., a California corporation, and MORIAH FILMS,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>*Jury Trial Demanded*<br><br>[Related to Case No. 2:20-cv-03890-ODW-JEM] |

Plaintiff Federal Insurance Company ("Federal" or "Plaintiff") brings this Complaint for Declaratory Relief against Defendants Simon Wiesenthal Center, Inc. and Moriah Films (collectively "SWC" or "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This action is a continuation of SWC's previous declaratory relief action against Federal. On April 29, 2020, SWC filed suit against Federal in this Court seeking declaratory judgment that SWC was entitled to coverage for COVID-19-related losses under an insurance policy issued by Federal (the "First Lawsuit"). The First Lawsuit was assigned to Judge Otis D. Wright II. On May 22, 2020, Federal filed a motion to dismiss. Rather than opposing Federal's motion, SWC voluntarily dismissed the First Lawsuit without prejudice "to give Plaintiffs and Defendant the option and time to attempt an amicable resolution of the claim." The parties have not been able to resolve this dispute, and must now resume their prior litigation.

**THE PARTIES**

2. Federal is incorporated under the laws of the State of Indiana with its principal place of business in New Jersey. At all relevant times, Federal was licensed to transact business in the State of California and this judicial district.

3. SWC is incorporated under the laws of the State of California with its principal place of business in California, located at 1399 S. Roxbury Drive, Los Angeles, California 90035. SWC is authorized to transact business in the State of California and this judicial district.

4. Upon information and belief, Moriah Films is the Jack and Pearl Resnick Film Division of SWC and a named insured on the insurance policy that is the basis of this suit, and is a citizen of the State of California.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)

because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. This Court is authorized to grant declaratory relief under 28 U.S.C. §§ 2201, *et seq.* because a case of actual controversy exists between the parties, as evidenced by the facts and circumstances described herein.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this district, and all Defendants are residents of the State of California. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's declaratory relief claim occurred in this judicial district, and a substantial part of the property that is the subject of this action is located in this district.

## THE POLICY

8. On August 7, 2019, Federal issued policy number 3519-19-79 ILL to SWC for the period from August 1, 2019 to August 1, 2020 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. The Policy affords several types of coverage, including (as relevant to this action) Business Income and Extra Expense coverage, and Civil Authority coverage.

10. The Policy's Business Income and Extra Expense coverage provision states:

> We will pay for the actual:
> - **business income** loss you incur due to the actual impairment of your **operations**; and
> - **extra expense** you incur due to the actual or potential impairment of your **operations**,
>
> during the **period of restoration**, not to exceed the applicable Limit Of Insurance for Business Income With Extra Expense shown in the Declarations.
>
> This actual or potential impairment of **operations** must be caused by or result from direct physical loss or damage by a **covered peril** to **property**, unless otherwise stated.
>
> This Premises Coverage applies only at those premises:
> - where you incur a **business income** loss or **extra expense**; and
> - for which a Limit Of Insurance for Business Income With Extra Expense is shown in the Declarations.

- 2 -
COMPLAINT FOR DECLARATORY RELIEF

(Policy, Ex. A at 76.) Among other elements, the Business Income and Extra Expense coverage provision requires that business income losses and extra expenses "be caused by or result from ***direct physical loss or damage*** by a covered peril to property, unless otherwise stated." (*Id*.)

11. The Policy's Civil Authority provision states:

> We will pay for the actual:
> - **business income** loss; or
> - **extra expense**,
>
> you incur due to the actual impairment of your **operations**, directly caused by the prohibition of access to:
> - your premises; or
> - a **dependent business premises**,
>
> by a civil authority.
>
> This prohibition of access by a civil authority must be the direct result of direct physical loss or damage to property away from such premises or such **dependent business premises** by a **covered peril**, provided such property is within:
> - one mile; or
> - the applicable miles shown in the Declarations,
>
> from such premises or **dependent business premises**, whichever is greater.

(*Id.* at 79.) Therefore, subject to other applicable requirements, the Civil Authority provision affords coverage only if all three of the following requirements are met: (i) direct physical loss or damage occurred to other property within one mile of the insured premises; (ii) a civil authority order prohibits access to the insured premises; and (iii) the order prohibiting access was "the direct result of direct physical loss or damage" to property within one mile of the insured premises or dependent business premises.

### SWC'S INSURANCE CLAIM

12. On March 19, 2020, California Governor Gavin Newsom issued an order limiting non-essential operations in California (the "Newsom Order," publicly available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf). The same day, Los Angeles Mayor Eric Garcetti issued a "Safer at Home" Emergency Order

requiring the City to "adopt additional emergency measures to further limit the spread of COVID-19" (the "Garcetti Order"). The Garcetti Order is publicly available and can be found on the following website: https://ca-times.brightspotcdn.com/34/44/1bb0c86a43c799277ab5e5ae0cd7/los-angeles-city-coronavirus-health-order-march-19-2020.pdf. According to SWC, the Garcetti Order "ceas[ed] operations in Los Angeles County that require[d] in-person attendance by workers at a workplace and prohibit[ed] all public and private gatherings of any number of people occurring outside a residence except as allowed in the Order." (*See* Compl., Case No. 2:20-cv-03890-ODW-JEM, Dkt. No. 6-1 at ¶ 25.)

13. A day earlier, on March 18, 2020, New York Governor Andrew Cuomo signed an executive order limiting the work force density of non-essential businesses by 50% and having more employees work from home, effective March 20, 2020. The next day, Governor Cuomo revised the order to limit work force density to 25% of the work force, effective March 21, 2020 (individually, the "Cuomo Order," and together with the Newsom and Garcetti Orders, "the Orders"). The Cuomo Order, including its modification, is publicly available at https://www.governor.ny.gov/news/no-2026-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency and https://www.governor.ny.gov/news/no-2027-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency. SWC is now seeking coverage under the Policy as a result of these and similar Orders.

14. On April 1, 2020, SWC submitted a Property Loss Notice to Federal, claiming business interruption losses for The Simon Wiesenthal Center with a reported loss date of March 15, 2020 (the "Underlying Claim"). A true and correct copy of the Property Loss Notice encompassing the business interruption claim is attached hereto as **Exhibit B**.

15. On April 3, 2020, Federal sent an email to SWC about the Underlying

Claim, seeking the following information:

 1. Please describe any Physical Damages to any of the listed locations?

 2. Is there any physical damages to any of the surrounding areas of the listed locations?

 3. Is your Business operating in any capacity or is it completely closed?

A true and correct copy of the April 3, 2020 email is attached hereto as **Exhibit C**.

16. When it did not receive a response to its questions by April 14, 2020, Federal followed up with a letter to SWC, which acknowledged Federal's receipt of the Underlying Claim, notified SWC of Policy language potentially relevant to its claim, and informed SWC that an investigation of the claim was still ongoing. A true and correct copy of the April 14, 2020 letter is attached hereto as **Exhibit D**.

17. Federal again followed up with SWC on April 27, 2020 by email in which the claims handler noted: "please let me know if I can help in any way regarding the questions presented." A true and correct copy of the April 27, 2020 email is attached hereto as **Exhibit E**.

18. On April 29, 2020—without responding to Federal's April 3, 2020 questions or follow-up correspondence—SWC filed the First Lawsuit against Federal. A true and correct copy of the Complaint filed in the First Lawsuit is attached hereto as **Exhibit F**. SWC sought (1) "a declaration that the Order by Mayor Eric Garcetti constitutes a prohibition of access to Plaintiffs' Insured Premises"; (2) "a declaration that the prohibition of access by a Civil Authority is specifically prohibited access as defined in the Policy"; (3) "a declaration that the Order triggers coverage because the Policy does not include an exclusion for a virus or global pandemic"; and (4) "a declaration that the Policy provides coverage to Plaintiffs for any current and future civil authority closures of its Insured Premises due to physical loss or damage from the coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event

that coronavirus has caused a loss or damage at the Insured Premises or immediate area of the Insured Premises." (Ex. F, (First Complaint) at Prayer for Relief.) The Complaint noted, however, that "Plaintiffs do not seek any determination of whether the coronavirus is physically in the Insured Premises, amount of damages, or any other remedy other than declaratory relief." (*Id.* ¶ 56.)

19. SWC contended that the Garcetti Order "effectively shuttered all income producing arms of the Simon Wiesenthal Center in Los Angeles." (*Id.* ¶ 25.) Specifically, the Complaint alleged:

> 26. As a result of the civil authority shutdown, Plaintiffs' 2020 National Tribute Dinner and Address by Secretary of State Mike Pompeo at the Museum of Tolerance, all New York fundraising events, and Museum of Tolerance Programs have been cancelled.
>
> 27. As a result of the civil authority shutdown, Plaintiffs' screening and U.S. premiers of *Never Stop Dreaming: The Life and Legacy of Shimon Peres*, Mobile Museum of Tolerance Bus Launch, Spirit of Courage Fundraiser, Woman of Valor Luncheon, and Spirit of Hope Fundraiser have been postponed.
>
> 28. As a further direct and proximate result of the Order, Plaintiffs' have been forced to close their businesses and furlough and/or lay off multiple employees due to a prohibition of access to the Insured Properties.

(*Id.* ¶¶ 26-28.) While the Complaint in the First Lawsuit asserted that the Garcetti Order "was given in part[] because COVID-19 is physically causing property loss or damage due to its tendency to attach to surfaces for prolonged periods of time," (*id.* ¶ 30), it did not allege that COVID-19 caused physical loss or damage to any of the insured premises, any neighboring premises, or any other specific premises.

(*See id.* ¶¶ 24, 29-30, 35.)

20. After Federal filed a motion to dismiss the Complaint on May 22, 2020, and without filing an opposition, SWC voluntarily dismissed its case without prejudice "to give Plaintiffs and Defendant the option and time to attempt an amicable resolution of the claim." SWC still had not responded to Federal's April 2020 correspondences, and did not inform Federal that it would be voluntarily dismissing its case.

21. On June 12, 2020, Federal granted SWC an extension of its deadline to file a sworn proof of loss for the Underlying Claim, pursuant to California Insurance Commissioner Lara's instruction that insurers not attempt to enforce deadlines until 90 days after the state of emergency has ended. A true and correct copy of the June 12, 2020 letter is attached hereto as **Exhibit G**.

22. On August 21, 2020, Federal sent a letter to SWC requesting additional information relating to SWC's claim, including the following:

> 1. Specify whether any physical damage or loss has occurred at your premise, or a dependent business premise, and if so, provide us with a detailed description of the property you claim was damaged and the facts and circumstances surrounding such physical loss or damage.
>
> 2. To the extent you are making a claim for business interruption losses, please provide us with a detailed description of the facts and circumstances surrounding the alleged interruption or suspension of your business, the date when the interruption and or suspension occurred and the cause of such interruption or suspension. Please include details on any ability to partially resume operations.
>
> 3. To the extent your business interruption and or suspension is related, in whole or part, to any order(s) issued by a governmental or other entity impacting your premises, or the premises of a dependent business, please provide specific details of that order(s) for our review.
>
> 4. Any additional information you feel relevant to your claim including any supporting documentation relative to the above inquiries.

A true and correct copy of the August 21, 2020 letter is attached hereto as **Exhibit H**.

23. On October 30, 2020, SWC submitted a document titled "proof of loss" to Federal, claiming entitlement to business income, extra expense, and civil authority coverage as a result of COVID-19-related shutdown orders. A true and correct copy of the "proof of loss" is attached hereto as **Exhibit I**. The "proof of loss" did not provide any assertions or evidence that SWC's losses were due to "direct physical loss or damage to property." Instead, the "proof of loss" claimed entitlement to coverage by arguing "that physical loss or damage is sustained when the functionality is impaired, unfit, unusable, and/or uninhabitable." (*See* Ex. I at 23-25.)

24. SWC contends that all of the evidence relevant to SWC's claim for coverage is contained in the October 30, 2020 "proof of loss."

25. Federal sent SWC a request for further response on December 11, 2020. A true and correct copy of the December 11, 2020 correspondence is attached hereto as **Exhibit J**. On January 11, 2021, Federal again wrote SWC to notify it of the status of its claim, stating: "At this time, we are awaiting your response to our latest correspondence sent via email and by UPS on December 11, 2020. As soon as this response has been submitted, we will be able to further investigate the loss." A true and correct copy of the January 11, 2021 correspondence is attached hereto as **Exhibit K**.

26. Finally, on April 16, 2021, counsel for SWC submitted a letter to Federal reiterating SWC's position on its claim for business interruption coverage. A true and correct copy of the April 16, 2021 letter is attached hereto as **Exhibit L**. The letter stated that "dispossession," or "deprivation" of the full intended use of their insured properties constituted a "direct physical loss."

27. On May 14, 2021, Federal sent a letter to SWC denying SWC's claim for coverage. Federal's denial was based on the same coverage issues raised in its May 22, 2020 motion to dismiss—to which SWC never responded—as well as the lack of "direct physical loss or damage" to property and SWC's failure to raise any

1 additional information showing that it was entitled to coverage in its October 30,
2 2020 "proof of loss" or its April 16, 2021 letter.

**FIRST CAUSE OF ACTION
DECLARATORY RELIEF
(Against All Defendants)**

28. Federal re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. There is an actual case or controversy between the parties regarding the rights and obligations of the parties to this action. Federal denies that there is any coverage for SWC's alleged COVID-19-related losses under the Policy issued by Federal, for the same reasons raised in Federal's May 22, 2020 motion to dismiss and because there was no "direct physical loss or damage" to property. SWC disputes this position and claims that it is entitled to coverage for its alleged COVID-19-related losses under the Policy issued by Federal, but SWC never responded to Federal's motion to dismiss and did not raise any additional information showing that it was entitled to coverage in its October 30, 2020 "proof of loss" or its April 16, 2021 letter.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should enter a judgment in favor of Federal declaring that SWC is not entitled to coverage for its claims under the Policy and, under 28 U.S.C. § 2202, any other relief this Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Federal Insurance Company prays as follows:

1. For a declaration that SWC is not entitled to coverage for its claims under the Policy; and

2. For any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Federal hereby demands a trial by jury as to all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: May 14, 2021 | **O'MELVENY & MYERS LLP**<br>DANIEL M. PETROCELLI<br>RICHARD B. GOETZ<br>ZOHEB P. NOORANI |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Richard B. Goetz<br>     Richard B. Goetz |
| 6 | | |
| 7 | | |
| 8 | | Attorneys for Plaintiff<br>FEDERAL INSURANCE COMPANY |