O

United States District Court
Central District of California

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SIMON WIESENTHAL CENTER, INC. and MORIAH FILMS,<br><br>　　　　　　Defendants. | Case № 2:21-cv-04069-ODW (JEMx)<br><br>**ORDER GRANTING MOTION TO DISMISS [27]** |

## I.　INTRODUCTION

Plaintiff Federal Insurance Company ("Federal") initiated this action against Defendants Simon Wiesenthal Center, Inc. and Moriah Films (the "Center") seeking declaratory judgment that the Center was not entitled to insurance coverage for COVID-19-related losses. (Compl. ¶¶ 1, 29, ECF No. 1.) The Center counterclaimed against Federal, seeking declaratory judgment for the same insurance coverage and asserting additional claims. (Am. Countercl. ("AC") ¶ 1, ECF No. 25.) Federal, as Counter Defendant, moves to dismiss the Center's AC. (Mot. to Dismiss ("Mot."), ECF No. 27.) For the reasons below, the Court **GRANTS** Federal's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

The Center is a global human rights organization with divisions that include non-profit, education, and film production. (*See* AC ¶¶ 14–18.) The Center purchased an insurance policy ("Policy") from Federal for the period of August 1, 2019, through August 1, 2020, for a variety of coverage relating to the Center's operations and properties. (*Id*. ¶¶ 21–22; *see* Compl. Ex. A ("Policy"), ECF No. 1-1.)

In March 2020, due to the COVID-19 pandemic, Los Angeles Mayor Eric Garcetti issued the Safer at Home Emergency Order, "ceasing operations in Los Angeles County that require[d] in-person attendance . . . and prohibiting all public and private gatherings." (AC ¶ 88.) The Center alleges that, as a result of the Order, it was forced to cancel or postpone events, close its businesses, and furlough or lay off employees. (*Id*. ¶¶ 89–91.) The Center also alleges that "the ubiquitous and inevitable presence of" COVID-19 made it "a statistical certainty" that the virus "would have been present at all of" its insured properties, "caus[ing] direct physical loss or damage to [its] properties by" rendering them "unfit, unusable, or unsuitable for [their] intended purpose." (*Id*. ¶¶ 103, 106, 133.)

The Center contends its COVID-19-related losses are covered under the Policy, specifically the "Business Income," "Extra Expense," and "Civil Authority" provisions. (*Id*. ¶¶ 22–23.) Federal denied the Center's claim for coverage under any of these provisions on the grounds that each requires "direct physical loss or damage" to property, which Federal contends is missing here. (*Id*. ¶¶ 158–59.) The Center sued Federal for improperly denying coverage, but voluntarily dismissed its case in response to Federal's motion to dismiss. (Compl. ¶ 1.) Federal subsequently initiated this action against the Center seeking a declaration that the Center is not entitled to coverage for its claims under the Policy. The Center counterclaimed against Federal and asserted causes of action for declaratory judgment, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL"). This Motion followed.

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim showing the pleader is entitled to relief. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion but may consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). When considering the pleadings, a court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court

determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

The Business Income, Extra Expense, and Civil Authority provisions of the Policy in this case all require "direct physical loss or damage" to property, either to the insured properties or other specified properties. (*See* Policy at 77 (Business Income; Extra Expense), 109 (Civil Authority).)[2] The Policy does not further define "direct physical loss or damage," (*see* AC ¶ 22; *see generally* Policy), leaving interpretation of this term to the Court.[3]

Under California law,[4] "losses from inability to use property do not amount to 'direct physical loss of or damage to property' within the ordinary and popular meaning of that phrase." *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 835–36 (C.D. Cal. 2020). Rather, only a "distinct, demonstrable, physical alteration" of property amounts to direct physical loss or damage. *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010). The Ninth Circuit affirmed this distinction in a recent pair of cases, applying *MRI Healthcare* to hold that neither an insured property's unsuitability for its intended purpose nor its economic business impairment satisfy the requirement for direct

---

[2] The Court cites the CM/ECF pagination at the top of each page of the Policy.

[3] The Court finds the Center's proffered extrinsic evidence concerning insurance industry history irrelevant to the definition of "direct physical loss or damage" as used in the Policy. *See Selane Prods., Inc. v. Cont'l Cas. Co.*, No. 21-55123, 2021 WL 4496471, at *1 (9th Cir. Oct. 1, 2021).

[4] It is undisputed that California law governs this case. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[In] a diversity action the law of the forum state, California, applies."). Under California law, "interpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). When "interpreting a policy provision, [courts] must give its terms their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (internal quotation marks omitted).

physical loss or damage. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 20-16858, --- F.4th ---, 2021 WL 4486509, at *5 (9th Cir. Oct. 1, 2021); *Selane*, 2021 WL 4496471, at *1.

Federal contends that the Center is not entitled to coverage under the Policy because the Center does not allege any "direct physical loss or damage" to property. The Center insists that the "ubiquitous presence" of COVID-19 has rendered its properties unusable for their intended purpose, thus satisfying the Policy's requirement for "direct physical loss or damage." (Opp'n 10, ECF No. 29.) However, nowhere has the Center alleged, in other than conclusory or speculative terms, any "direct physical loss or damage" such as would trigger coverage under the identified Policy provisions. Further, the Ninth Circuit has specifically rejected the argument the Center proffers here—that "direct physical loss or damage" can be satisfied where the insured properties are rendered "unusable for their intended purpose." *See Mudpie*, 2021 WL 4486509, at *4–5 ("We cannot endorse Mudpie's interpretation because California courts have carefully distinguished intangible, incorporeal, and economic losses from physical ones." (internal quotation marks omitted)).

As the Center has not alleged any "direct physical loss or damage" to property, there is no "distinct, demonstrable, physical alteration" under California law, and the Center is not entitled to coverage under the Policy.[5] *See Mudpie*, 2021 WL 4486509, at *4; *Selane Prods.*, 2021 WL 4496471, at *1–2. Consequently, the Center's causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, violation of UCL, and declaratory judgment fail. *See Mudpie*, 2021 WL 4486509, at *6 (affirming dismissal where the plaintiff's "claimed losses [we]re not covered by the Policy"); *Selane Prods.*, 2021 WL 4496471, at *2 (affirming dismissal of all claims that required "physical loss of or damage to" property).

---

[5] The failure to allege direct physical loss or damage is dispositive here, so the Court need not consider the parties' additional arguments, and declines to do so.

While the Court is sympathetic that the Center and many other businesses are suffering economically from the unprecedented COVID-19 pandemic, a property's mere unsuitability or economic business impairment does not qualify as a physical loss or damage to the premises under California law. Thus, the Court **GRANTS** Federal's Motion and **DISMISSES** the Center's counterclaims. The Court finds that leave to amend would be futile because the Center has already had several opportunities to replead these claims, including in this case and the Center's previous litigation against Federal, and additional allegations consistent with the AC would not cure these deficiencies. *See Schreiber Distrib. Co.*, 806 F.2d at 1401; *Carrico*, 656 F.3d at 1008. As such, dismissal is without leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Federal's Motion to Dismiss the Center's Amended Counterclaim without leave to amend. (ECF No. 27.)

As the Center's claimed losses are not covered under the Policy, declaratory judgment for Federal on its Complaint may be appropriate. Therefore, the Court **ORDERS** the Center to **SHOW CAUSE**, in writing only, why Judgment should not be entered in favor of Federal and against the Center on Federal's sole claim for declaratory judgment. The Center's response is due no later than **October 22, 2021**. Failure by the Center to timely respond will be construed as concession and Judgment will be entered as indicated above. Federal may respond to the Center's submission no later than **October 29, 2021**. No hearing will be held.

**IT IS SO ORDERED.**

October 14, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**